IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| R&Q REINSURANCE COMPANY, | : | No. 15-5528 |
| Defendant. | : | |

### MEMORANDUM

**Schiller, J.**                                                                                                                      **June 2, 2016**

      In September 2015, R&Q Reinsurance Company ("R&Q") filed a declaratory judgment action against St. Paul Fire & Marine Insurance Company ("St. Paul") in the Northern District of Illinois (the "Illinois Action"). The Illinois court subsequently transferred that action to this Court. *See R&Q Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, Civ. A. No. 16-1473 (E.D. Pa. filed Mar. 31, 2016). Prior to that transfer, in October 2015, St. Paul sued R&Q in this District for breach of contract on the same underlying claims (the "Pennsylvania Action"). R&Q filed a motion to dismiss the second-filed Pennsylvania Action. The Pennsylvania Action was subsequently reassigned to this Court. For the reasons set forth below, R&Q's motion will be granted, and the Pennsylvania Action will be dismissed without prejudice.

### I.    BACKGROUND

      St. Paul is an insurance company based in Hartford, Connecticut. (Compl. ¶ 2.) R&Q is a reinsurance company based in Philadelphia, Pennsylvania. (*Id.* ¶ 3.) St. Paul has paid more than $10 million in asbestos claims to a third party, Walter E. Campbell Company, Inc. (*Id.* ¶ 10.) St. Paul is now seeking reimbursement for these claims from R&Q under various reinsurance contracts. (*Id.* ¶¶ 11-13.) Specifically, St. Paul alleges that R&Q is bound by reinsurance

contracts that St. Paul made with R&Q's predecessor in interest, INA Reinsurance Company. (*Id. ¶¶* 3, 11-13.)

On April 9, 2013, St. Paul sent a notice of loss to R&Q in connection with the underlying asbestos lawsuits. (*Id.* ¶ 14.) In July and August 2013, R&Q requested additional documentation, which St. Paul provided. (*Id.* ¶ 15.) However, R&Q did not provide a substantive response regarding the claims for more than one year, despite repeated requests from St. Paul. (*Id.* ¶ 16.) On August 11, 2014, having received no substantive response from R&Q, St. Paul sent R&Q a bill requesting more than $4.4 million in reinsurance payments. (*Id.* ¶ 17.) On August 20, 2014, R&Q objected to the bill, its first substantive response to the reinsurance claims. (*Id.* ¶ 18.) To this date, R&Q has not paid any portion of the bill. (*Id.* ¶ 22.)

A.   **The Illinois Action**

On September 3, 2015, R&Q filed a declaratory judgment action against St. Paul in the U.S. District Court for the Northern District of Illinois. (Def.'s Mem. Supp. Mot. Dismiss [Def.'s Mem.] at 1.) R&Q argued that St. Paul failed to "promptly" notify R&Q of the underlying claims as required by the reinsurance policies at issue, because St. Paul had begun paying those claims in 2003 or earlier without notifying R&Q until 2013. (*Id.* at 3) Accordingly, R&Q sought a declaratory judgment that it had no obligation to pay St. Paul. (Pl.'s Mem. Opp'n Mot. Dismiss [Pl.'s Mem.] at 10.) On October 13, 2015, St. Paul filed a motion to transfer the Illinois Action to this District, which was granted on March 30, 2016. (Letter from Lloyd Gura to Judge Slomsky, Apr. 26, 2016, Ex. A [Transfer Order].)

The transferring court found that "the bulk of material events occurred in areas much closer to Pennsylvania than Illinois, with some of the material events occurring in Pennsylvania itself." (*Id*. at 4.) While the transferring court acknowledged that the reinsurance contracts were

at least partially negotiated in Illinois, it ultimately agreed with St. Paul that "the location where the business decisions allegedly causing a breach occurred is more relevant than the location of contract formation." (*Id.* at 3.)

### B. The Pennsylvania Action

On October 7, 2015, just before filing the transfer motion in the Illinois Action, St. Paul commenced a parallel action against R&Q in this District, which was initially assigned to the Honorable Joel H. Slomsky. In the Pennsylvania Action, St. Paul sought a declaratory judgment of R&Q's liability under the same reinsurance contracts at issue in the Illinois Action, as well as damages for the breach of these contracts. Because the Illinois Action was filed first and because there was a pending motion to transfer that case, R&Q filed a motion to dismiss or stay the proceedings in the Pennsylvania Action. Judge Slomsky agreed to stay the proceedings in the Pennsylvania Action pending the outcome of the transfer motion but reserved judgment on the motion to dismiss. After the Illinois Action was transferred to this Court, the Pennsylvania Action was also reassigned to this Court.

## II. STANDARD OF REVIEW

The Third Circuit's "first-filed rule" requires that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). Because the first-filed rule rests on equitable principles, the decision to apply the rule is committed to the sound discretion of the trial court. *See id.* at 977. "Under this standard, a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" *Id.* (quoting *Langnes v. Green*, 282 U.S. 531, 541 (1931)). If the court determines that

3

the first-filed rule applies, the court may dismiss the second case without prejudice. *Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 403 (E.D. Pa. 2005).

The first-filed rule applies "where the subject matter of the later filed case substantially overlaps with that of the earlier one." *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, Civ. A. No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009). "The threshold issue when addressing the first filed rule is whether the proceedings are truly duplicative." *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, Civ. A. No. 09-896, 2009 WL 2326750, at *5 (E.D. Pa. July 28, 2009).

However, there are exceptions to the first-filed rule. The Third Circuit has explained that "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" may "justify[] departure from the first-filed rule." *Univ. of Pa.*, 850 F.2d at 972. If the first-filed action is "anticipatory," meaning that the plaintiff in that action filed in a favorable venue knowing that the other side was going to sue imminently in a different venue, the "extraordinary circumstances" exception may apply. *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 744 (E.D. Pa. 2005). When evaluating if these circumstances exist in a given case, there is a presumption that the first-filed rule applies. *See, e.g.*, *Koresko*, 403 F. Supp. 2d at 400 ("On balance . . . the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule.").

### III. DISCUSSION

#### A. The First-Filed Rule Applies

As an initial matter, there is substantial overlap between the Illinois Action and the Pennsylvania Action sufficient to trigger the first-filed rule. Indeed, the proceedings are "truly

duplicative." *See PhotoMedex, Inc.*, 2009 WL 2326750, at *5. Both actions involve the exact same dispute over R&Q's liability to St. Paul under the reinsurance agreements. *See Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 456 (E.D. Pa. 2013) (explaining that the first-filed rule applies "where the core facts are similar and the causes of action in both [suits] arise out of the same . . . relationship and conduct"). The Illinois Action was filed in September 2015. The Pennsylvania Action was filed over one month later in October 2015. Because the Illinois Action was filed first, and because the proceedings are truly duplicative, the Court will exercise its discretion to dismiss the Pennsylvania Action, unless one of the exceptions applies. *See Koresko*, 403 F. Supp. 2d at 400.

Despite the overlap between the two cases, St. Paul contends that the first-filed rule does not apply because both actions are now pending in the same court. St. Paul argues that the first-filed rule only applies where two cases are currently pending in separate federal district courts. However, the Third Circuit has held that the first-filed rule may apply even where "concurrent jurisdiction no longer exist[s]," as long as the duplicative actions were initially filed in different jurisdictions. *Chavez v. Dole Food Co., Inc.*, 796 F.3d 261, 266 (3d Cir. 2015), *vacated for reh'g en banc* (3d Cir. Sept. 22, 2015).[1] According to the Third Circuit, "the procedural posture of the first-filed case on the date the second-filed action[] [is] dismissed, is irrelevant to the analysis." *Id.* Rather, "the relevant point-in-time is the filing date of the duplicative action. If concurrent jurisdiction exists at that time, and the actions are truly duplicative, the first-filed rule can be invoked." *Id.* Because these actions were duplicative at the time of filing, and because concurrent

---

[1] The issue presented for rehearing was whether the district court had improperly permitted dismissal *with prejudice* under the first-filed rule. *See* Petition for Rehearing at 5, *Chavez v. Dole Food Co., Inc.*, No. 13-4144 (3d Cir. Aug. 25, 2015). Since this Court only contemplates dismissal *without prejudice*, the vacatur for rehearing does not raise any concerns in this case.

5

jurisdiction existed at that time, the first-filed rule survives the Illinois Action's transfer to this District and the Pennsylvania Action's reassignment to this Court.

Even if the first-filed rule did not apply, the "prior pending action doctrine" adopted by the Third Circuit permits this Court to dismiss without prejudice a second action "involving the same subject matter at the same time in the same court" between the same parties. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). "The pendency of a prior pending action in the same federal court is ground for abatement of the second action [because] there is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Id.* Indeed, "[a]s part of its general power to administer its docket, a district court may dismiss a duplicative" action. *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015). Both actions pending before this Court involve the same parties and the same subject matter, which would trigger the prior pending action doctrine in the absence of the first-filed rule.

### B. Exceptions to the First-Filed Rule Do Not Apply in This Case

Because there is substantial overlap, the Court will apply the first filed rule unless an exception applies. Indeed, St. Paul argues that several exceptions apply, namely forum shopping, anticipatory filing, and other inequitable conduct, any of which would justify a departure from the first-filed rule. However, none of these exceptions applies here.

#### i. Forum shopping

"[I]n the context of the first-filed rule, forum shopping refers to the selection of a forum based on the favorableness of the forum's substantive law, not merely based on convenience." *Koresko*, 403 F. Supp. 2d at 399 n.8 (citing *Univ. of Pa.*, 850 F.2d at 969); *see also Kim v. Kim*, 324 F. Supp. 2d 628, 636 (E.D. Pa. 2004) (finding that filing a case in the Eastern District of Pennsylvania for reasons of convenience is "a rather unexceptional circumstance that gives the

Court no reason to depart from the first-filed rule"). St. Paul asserts that "R&Q has engaged in inappropriate forum shopping" by filing in a forum whose laws favor R&Q's claims. (Pl.'s Mem. at 10.) St. Paul claims that Illinois has no material connection to this dispute and alleges that R&Q brought its late-notice claims in Illinois solely because Illinois law does not "require[] a reinsurer to prove prejudice." (*Id.* at 10-11.) According to St. Paul, R&Q's decision to file in Illinois constitutes "blatant" forum shopping that justifies a departure from the first-filed rule. (*Id.* at 11.)

The Court disagrees. "[T]o justify a disregard of the first-filed rule, forum shopping must be the sole reason for choosing one forum over another and thus will rarely be found where the first action was filed in a logical place." *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*, Civ. A. No. 99-3508, 1999 WL 592399, at *3 (E.D. Pa. Aug. 5, 1999). Here, the first action was filed in a logical place. Indeed, St. Paul acknowledges that the Illinois office of R&Q's predecessor in interest was involved in the "formation process" of the reinsurance contracts at the center of this dispute. (Pl.'s Mem. at 3-4.) Additionally, the transferring court noted that the insurance broker who negotiated the underlying contracts was located in Illinois. (Transfer Order at 1.) Moreover, the parties did not dispute that venue was proper in Illinois. (*Id.* at 2.) In short, the forum shopping exception to the first-filed rule does not apply, because "there are facts logically connecting" the first-filed action to Illinois. *See Synthes, Inc.*, 978 F. Supp. 2d at 457 ("[W]here forum shopping is alleged, [a] court should consider whether there are facts logically connecting [the] first-filed action to [the] forum.")

    ii. *Anticipatory filing*

"Courts have rejected the [first-filed] rule when the . . . first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable

forum." *Univ. of Pa.*, 850 F.2d at 976. The anticipatory filing exception generally applies when the first-filing party knows that a lawsuit by the other party is imminent. In *University of Pennsylvania*, the Third Circuit upheld a district court's decision not to apply the first-filed rule on the basis of anticipatory filing. *Id.* at 977. In that case, the University faced an imminent subpoena in an enforcement action by the EEOC in the Eastern District of Pennsylvania. Three days before an EEOC deadline, the University filed a lawsuit in the District of Columbia, ostensibly to evade unfavorable precedent in the Third Circuit. *Id.* The Third Circuit held that "[t]he timing of the University's filing in the District of Columbia indicates an attempt to preempt an imminent subpoena enforcement in the Eastern District of Pennsylvania." *Id.* It further explained that, "The EEOC [had] threatened to institute a subpoena enforcement proceeding within twenty days unless the University responded. Instead of complying with the ruling or notifying the EEOC of its intent to contest the ruling, the University filed suit in the District of Columbia three days before the expiration of the grace period during which the EEOC stated it would not resort to a judicial enforcement proceeding." *Id.* Courts have also applied the first-filed rule where one party "delayed its filing in reliance upon ongoing settlement negotiations." *Drugstore-Direct, Inc. v. The Cartier Div. of Richemont N. Am., Inc.*, 350 F. Supp. 2d 620, 623 (E.D. Pa. 2004).

Here, St. Paul argues that the anticipatory filing exception to the first-filed rule applies because R&Q preemptively filed a lawsuit in Illinois in anticipation of St. Paul's imminent suit in a forum that would be less favorable to R&Q. (Pl.'s Mem. at 15.) According to St. Paul, "R&Q hastily filed its declaratory judgment action" in Illinois so it could "seek[] refuge in what it believes is favorable Illinois late notice law." (*Id.* at 15-16.)

The parties in this case were in the middle of a year-long dispute about R&Q's liability to St. Paul under the terms of various reinsurance contracts when R&Q filed the declaratory judgment action in Illinois. (*Id.* at 15.) This was not improper. In a contract dispute, it is perfectly reasonable for one party to seek a declaratory judgment that it is not liable under the disputed terms of a contract. *See, e.g.*, *Fundamental Too, Ltd. v. Universal Music Grp., Inc.*, Civ. A. No. 97-1595, 1997 WL 181255, at *5 (E.D. Pa. Apr. 10, 1997) ("[W]ould-be plaintiffs [need not] wait until there is a reasonable apprehension of suit before filing a declaratory judgment action . . . ."); *Synthes, Inc.*, 978 F. Supp. 2d at 455.

Moreover, unlike the facts in *University of Pennsylvania*, the Court is not persuaded that R&Q knew that a lawsuit by St. Paul was imminent. St. Paul alleges that R&Q knew it would sue because St. Paul communicated to R&Q on July 17, 2015, that it "does not (and will not) promise to wait for any specified time period to elapse before acting on its rights." (Pl.'s Mem. at 15.) However, the timing and language of the alleged warning does not amount to notice of an imminently forthcoming lawsuit, which St. Paul ultimately filed more than 80 days later. St. Paul did not provide any specific notice to R&Q about when or where it would sue. Likewise, St. Paul has not established that R&Q deceived St. Paul into suspending litigation so that R&Q could file first elsewhere. *See Drugstore-Direct*, 350 F. Supp. 2d at 623. All things considered, the filing of R&Q's suit in Illinois does not appear to have been made with clear knowledge that St. Paul was going to bring its own lawsuit, and thus does not warrant the application of the anticipatory filing exception to the first-filed rule.

### iii.    Other inequitable conduct

Finally, St. Paul asserts that "R&Q has engaged in inequitable conduct by suing St. Paul in a foreign jurisdiction where . . . St. Paul cannot properly protect its interest." (*Id.* at 9.) In

particular, St. Paul argues that R&Q sued in Illinois because the federal court in Illinois had no jurisdiction to attach R&Q's assets in Pennsylvania. (*Id.*) The Court need not review the merits of this claim because the argument is moot. The Illinois Action has been transferred to this Court, which presumably alleviates St. Paul's concerns about attachment.

## IV.   CONCLUSION

The Court concludes that the first-filed rule applies, and that there was no inequitable conduct justifying a departure from the rule. For the foregoing reasons, the Court will grant R&Q's Motion to Dismiss the Pennsylvania Action without prejudice. St. Paul may assert its claims in its answer to the surviving action. An Order consistent with this Memorandum will be docketed separately.